```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Mark Bettencourt,              )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )   Civil Action No.
Jeanne D'Arc Credit Union et   )   17-cv-12548-NMG
al.,                           )
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In this putative class action, plaintiffs seek final approval of a settlement agreement resolving their claims against Jeanne D'Arc Credit Union ("JDCU" or "defendant").

## I. Background

Plaintiffs contend that JDCU charged them overdraft fees in violation of its overdraft program. Specifically, plaintiffs aver that JDCU charged its customers fees for transactions which, to be completed, did not leave their accounts with negative balances. Plaintiffs allege breach of contract, violation of 12 C.F.R. § 1005.17, breach of the covenant of good faith and fair dealing, unjust enrichment and money had and received.

JDCU moved to dismiss the complaint in March, 2018, arguing that its contracts unambiguously disclosed the terms of the overdraft program to its enrolled customers.  The Court allowed, in part, and denied, in part, JDCU's motion, holding that plaintiffs adequately stated claims for breach of contract and breach of the implied covenant of good faith and fair dealing but dismissed plaintiffs' claims for unjust enrichment and money had and received.

In January, 2020, the parties notified the Court that they reached a settlement ("the Settlement Agreement") and that defendant would deposit $1,197,000 ("the Settlement Fund") into an account to be used, with the Court's approval, (1) to provide restitution to class members, (2) to pay litigation costs, (3) to pay costs of notice and claims administration and (4) for attorneys' fees and costs.  The Settlement Agreement further proposes that any money remaining in the Settlement Fund after distribution of funds be awarded to Public Citizen, a 501(c) non-profit corporation actively involved in protecting consumer rights.

## II. **Preliminary Approval**

The Court preliminarily approved the class settlement in March, 2020.  In their request for preliminary approval, plaintiffs requested that one-third of the Settlement Fund be

awarded as attorneys' fees.  The Court rejected that request and preliminarily approved a fee award in an amount not to exceed 30%.

The Court further required plaintiffs to amend the Settlement Agreement to state the total amount of the Settlement Fund ($1,197,000) and to include the total amount of requested attorneys' fees and costs.

### III. Final Approval of the Settlement Agreement

Class Counsel requests an order of the Court (1) certifying the settlement class; (2) approving the Settlement Agreement; (3) appointing Mark Bettencourt as the Representative of the settlement class; (4) appointing Richard McCune of McCune Wright Arevalo, LLP, and Taras Kick of The Kick Law Firm, APC, as class counsel and Christine Craig as local counsel; (5) appointing KCC Class Action Services, LLC, as the settlement administrator; and (6) awarding attorneys' fees in the amount of $359,100 or 30% of the Settlement Fund, costs and expenses in the amount of $63,270.96 and a class representative incentive award of $10,000.

The only part of the Settlement Agreement with which the Court takes issue is the request for attorneys' fees.


**A. Attorneys' Fees**

**1. Legal Standard**

An attorney who recovers a common fund for a class is entitled to a reasonable attorneys' fee and reimbursement of expenses prior to the distribution of the balance to the class. Boeing Co. v. Van Gemert, 444 U.S. 472, (1980). Courts have wide discretion when awarding attorneys' fees. In re Thirteen Appeals Arising Out of San Juan, 56 F.3d 295, 307 (1st Cir. 1995). In addition to ensuring that class counsel is fairly compensated, the district court is obligated to function as "a quasi-fiduciary to safeguard the corpus of the fund for the benefit of the plaintiff class." In re Fidelity/Micron Sec. Litig., 167 F.3d 735, 736 (1st Cir. 1990).

The district court may calculate attorneys' fees by either the percentage of the fund ("POF") method or the lodestar method. In re Thirteen Appeals, 56 F.3d at 307. The First Circuit has acknowledged the "distinct advantages" of the POF method, explaining that it is less burdensome, enhances efficiency and better approximates the workings of the marketplace. Id.

**2. First Circuit Fee Range**

Standard awards in the First Circuit range from 20% at the low end to 33% at the high end. More commonly, courts in this

Circuit award fees between 25% (the benchmark) and 30%. See Conley v. Sears, Roebuck & Co., 222 B.R. 181, 187 (D. Mass. 1998) (citing Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)); see also New Eng. Carpenters Health Benefits Fund v. 1st Databank, Inc., No. 05-CV-11148-PBS, 2009 WL 2408560, at *1-2, (D. Mass. Aug. 3, 2009) (20%); In re Am. Dental Partners, Inc. Sec. Litig., No. 08-CV-10119-RGS, 2010 WL 1427404, at *1, (D. Mass. Apr. 9, 2010) (22.5%); In re Fleet/Norstar Sec. Litig., 935 F. Supp. 99, 110 (D.R.I. 1996)(20%); In re Puerto Rican Cabotage Antitrust Litig., No. 08-MD-1960(DRD), 2011 WL 4537726, at *9-10, (D.P.R. Sept. 13, 2011) (23%); Theodore Eisenberg & Geoffrey P. Miller, Attorneys' Fees & Expenses in Class Action Settlements: 1993-2008, J. of Empirical Legal Stud. 248 (2010) (Table 4) (finding that 20% is both the median and mean attorneys' fees awarded in the First Circuit); Roberts v. TJX Companies, Inc., 2016 WL 8677312 (D. Mass. Sept. 30, 2016) (awarding 33% of $4.75 million settlement); Sylvester v. Cigna Corp., 401 F. Supp. 2d 147 (D. Me. 2005) (awarding 33% of $2.3 million recovery); In re Relafen Antitrust Litigation, 231 F.R.D. 52, 82 (D. Mass 2005) (awarding 33% of $67 million settlement); In re Indigo Sec. Litig., 995 F. Supp. 233 (D. Mass 1998) (awarding 30% of settlement).

### 3. This Session's Fee Range

This Session typically approves attorneys' fees of 25% or, sometimes, more but often reduces requested fees when they are deemed excessive. See Latorraca v. Centennial Techs. Inc., 834 F. Supp. 2d 25, 27 (D. Mass. 2011) (a securities fraud class action in which this Court reduced the fees awarded to 25% of the amount to be paid to class members rather than the initially requested 30%); Boyd v. Pepsi Beverages Company et al. 14-cv-12289 (D.Mass Feb. 18, 2016)(a FLSA class action in which this Session allowed attorneys' fees of 25% of the total gross value of the settlement); Kingsborough v. Sprint et al., 14-cv-12049 (D. Mass. June 3, 2015)(a property rights dispute arising out of the installation of fiber-optic cable, in which this Court approved attorneys' fees of 25% of the total gross value of the settlement.  The Court conditioned approval of the settlement on the reduction of the originally proposed fee award to no more than 25% of the gross value of the settlement.)

Most recently, in Tracey v. MIT, 16-cv-11620-NMG, this Court approved an award of attorneys' fees of 29% of the settlement fund.  In that case, the lodestar calculation exceeded the 25% benchmark and the Court offered class counsel the choice between a 29% award or the appointment of a special master to recommend an appropriate award.  Counsel chose to take

the 29% award. The Court noted that the generous lodestar calculation, the substantial risk associated with the particular kind of class litigation, the total settlement and the protracted nature of the case warranted a 29% award.

### 4. Reasonable Fee Award in this Case

A lodestar cross-check provided by counsel estimates approximately $300,000 in fees. That amounts to just about 25% of the Settlement Fund. Counsel, nonetheless, requests an award of 30% of the Settlement Fund or $359,100.

In support of that request, counsel asserts: (1) such an award is "well within the range of approval"; (2) the lodestar is a multiplier of under 2x (1.20x); and (3) substantial work was performed by experienced and accomplished attorneys in this matter, including two years of litigation, the production of over 900 pages of documents, several depositions and substantial written discovery.

Class counsel provides very little reason, however, for this Court to deviate from its standard award of 25%. Indeed, virtually every class action litigation requires the kind of work and expertise cited by counsel. That said, the requested amount includes only a modest multiplier of the lodestar (1.20x) which is well within the range of multipliers typically allowed by this Court (1x to 2.7x). Furthermore, an award of 25% of the

Settlement Fund would result in almost exactly the lodestar amount. For those reasons, the Court will "split the difference" between the request and its usual benchmark by awarding attorneys' fees of 27% of the Settlement Fund or $323,190.

## ORDER

The motion of plaintiff Mark Bettencourt for final approval of class action settlement (Docket No. 69) is **ALLOWED,** with the caveat that the award of attorneys' fees is set at $323,190.

**So ordered.**

<div style="text-align:right">

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

</div>

Dated June 17, 2020